# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 22-1721 Kadel, et al. v. Dale Folwell, et al. |
| **Originating No. & Caption** | 1:19-cv-272-LCB - Kadel, et al. v. Folwell, et al. |
| **Originating Court/Agency** | U.S. District Court, Middle District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1292(a) | |
| Time allowed for filing in Court of Appeals | 30 Days | |
| Date of entry of order or judgment appealed | June 10, 2022 | |
| Date notice of appeal or petition for review filed | July 1, 2022 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ○ Yes | ◉ No |

If appeal is not from final judgment, why is order appealable?

Title 28, United States Code, Section 1292(a) provides jurisdiction to immediately appeal the injunction entered against these two (2) Appellants.

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 20-1409 (though appellants not parties) | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Unknown | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Appellees are current or former enrollees of the North Carolina State Health Plan for Teachers and State Employees ("the Plan") who identify as transgender, who also have gender dysphoria, and who seek to require the Plan to provide insurance coverage and reimbursements for their desired gender-dysphoria treatments.

Appellant Dale Folwell is the State Treasurer of North Carolina.
Appellant Dee Jones is the Executive Administrator of the Plan.

The district court ruled that transgender individuals are a "suspect class" and that the Plan's failure to provide insurance coverage for their desired gender-dysphoria treatments was "facially discriminatory." Holding that the 14th Amendment's Equal Protection Clause constitutionally requires the Plan to provide this insurance coverage for Plaintiffs' desired gender-dysphoria treatments, the district court "permanently enjoined" Appellants (in their official capacities) from enforcing the Plan's exclusions, and further ordered the two (2) Appellants to "reinstate coverage for 'medically necessary services for the treatment of gender dysphoria.'" (1:19-cv-272. ECF No. 234 at 72).

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the district court incorrectly applied the Supreme Court's controlling precedent from Geduldig v. Aiello, 417 U.S. 484 (1974), which foreclosed Plaintiffs' claim that the Plan's coverage exclusions were facially discriminatory. Whether the district court erred in its attempt to distinguish Geduldig through its finding that "pregnancy can be explained without reference to sex."

Whether the district court erroneously extended Bostock v. Clayton Cty., 140 S. Ct. 1731 (2020), by applying it to the 14th Amendment's Equal Protection Clause.

Whether the district court erroneously relied upon the purported scientific opinions of various trade groups / amicus curie to resolve disputed facts. None of these trade groups/amici were identifying by Appellees as having relevant evidence, nor were their purported scientific opinions subject to any form of adversarial testing during discovery (through deposition, cross-examination, or otherwise).

Whether the district court erroneously granted Summary Judgment for Appellees and erroneously entered a permanent injunction against these two (2) Appellants (in their official capacities).

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Maxwell Kadel<br><br>Attorney: Amy E. Richardson<br>Address: Harris, Wiltshire & Grannis, LLP<br>1919 M. Street N.W. - 8th Floor<br>Washington, DC 20036<br><br>E-mail: arichardson@hwglaw.com<br><br>Phone: 202-730-1329 | Adverse Party: Jason Fleck<br><br>Attorney: Amy E. Richardson<br>Address: Harris, Wiltshire & Grannis, LLP<br>1919 M. Street N.W. - 8th Floor<br>Washington, DC 20036<br><br>E-mail: arichardson@hwglaw.com<br><br>Phone: 202-730-1329 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: Connor Thoen-Fleck<br><br>Attorney: Amy E. Richardson<br>Address: Harris, Wiltshire & Grannis, LLP<br>1919 M. Street N.W. - 8th Floor<br>Washington, DC 20036<br><br>E-mail: arichardson@hwglaw.com<br><br>Phone: 202-730-1329 | Adverse Party: Julia McKeown<br><br>Attorney: Amy E. Richardson<br>Address: Harris, Wiltshire & Grannis, LLP<br>1919 M. Street N.W. - 8th Floor<br>Washington, DC 20036<br><br>E-mail: arichardson@hwglaw.com<br><br>Phone: 202-730-1329 |

**Additional Adverse Parties / Appellees**

| | |
|---|---|
| Adverse Party: | C.B. |
| Attorney | Amy E. Richardson |
| Address | Harris, Wiltshire & Grannis, LLP<br>1818 M. Street, N.W. – 8th Floor<br>Washington, DC 20036 |
| Phone: | 202-730-1329 |
| Email: | arichardson@hwglaw.com |

---

| | |
|---|---|
| Adverse Party: | Michael Bunting, Jr. |
| Attorney | Amy E. Richardson |
| Address | Harris, Wiltshire & Grannis, LLP<br>1818 M. Street, N.W. – 8th Floor<br>Washington, DC 20036 |
| Phone: | 202-730-1329 |
| Email: | arichardson@hwglaw.com |

---

| | |
|---|---|
| Adverse Party: | Sam Silvane |
| Attorney | Amy E. Richardson |
| Address | Harris, Wiltshire & Grannis, LLP<br>1818 M. Street, N.W. – 8th Floor<br>Washington, DC 20036 |
| Phone: | 202-730-1329 |
| Email: | arichardson@hwglaw.com |

---

| | |
|---|---|
| Adverse Party: | Dana Caraway |
| Attorney | Amy E. Richardson |

Address Harris, Wiltshire & Grannis, LLP
1818 M. Street, N.W. – 8th Floor
Washington, DC 20036

Phone: 202-730-1329

Email: arichardson@hwglaw.com

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Dale Folwell, in his official capacity as the State Treasurer of North Carolina<br>Attorney: Mark A. Jones, Esq.<br>Address: Bell, Davis & Pitt, PA<br>100 N. Cherry St., Suite 600<br>Winston-Salem, NC 27101<br>E-mail: mjones@belldavispitt.com<br>Phone: 336-722-3700 | Name: Dee Jones, in her official capacity as Executive Administrator of NC State Health Plan<br>Attorney: Mark A. Jones, Esq.<br>Address: Bell, Davis & Pitt, PA<br>100 N. Cherry St., Suite 600<br>Winston-Salem, NC 27101<br>E-mail: mjones@belldavispitt.com<br>Phone: 336-722-3700 |

| **Appellant (continued)** | |
|---|---|
| Name:<br>Attorney:<br>Address:<br>E-mail:<br>Phone: | Name:<br>Attorney:<br>Address:<br>E-mail:<br>Phone: |

**Signature:** /s/ Mark A. Jones **Date:** 7/8/2022

**Counsel for:** Dale Folwell and Dee Jones (in their official capacities)

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| No parties outside CM/ECF | |
|---|---|
| Signature: Mark A. Jones | Date: 7/8/2022 |

Print to PDF for Filing

Reset Form