# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

MAXWELL KADEL, *et al.*,

    *Appellees*,

v.

DALE FOLWELL, *in his official capacity as State Treasurer of North Carolina*; and EXECUTIVE ADMINISTRATOR OF THE NORTH CAROLINA STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES,

    *Appellants*.

No. 22-1721

## APPELLEES' RESPONSE TO APPELLANTS' CITATION OF SUPPLEMENTAL AUTHORITIES PURSUANT TO RULE 28(J)

Appellees respectfully submit this response to Appellants' Citation of Supplemental Authorities Pursuant to Rule 28(j), referring the Court to *Adams by & through Kasper v. Sch. Bd. of St. Johns Cnty.*, — F.4th —, 2022 WL 18003879 (11th Cir. 2022) (No. 18-13592)). ECF No. 82. *Adams* involved a transgender student seeking to access restrooms in accordance with his gender, but reached starkly different conclusions than this Court's decision in *Grimm v. Gloucester County School Board*, 972 F.3d 586, 593 (4th Cir. 2020), as amended (Aug. 28, 2020). *Adams* is not persuasive authority for at least two reasons:

First, Appellants point to *Adams*' decision not to apply heightened scrutiny to the plaintiff student's sex and transgender status discrimination claims under the Fourteenth Amendment. ECF No. 82 at 1 ("the Eleventh Circuit refused to hold that gender identity is 'akin to biological sex' and therefore declined to apply intermediate scrutiny to the policy before it"). *Adams* holds no persuasive value here where *Grimm* reached the opposite conclusion, finding that excluding transgender students from restrooms matching their gender discriminates both on sex and transgender status—with each independently requiring heightened scrutiny. *Grimm*, 972 F.3d at 608, 613.

Second, in direct contrast to the explicitly discriminatory exclusion here for treatment in connection with "*sex changes* or modifications," JA3833-3880 (emphasis added), *Geduldig* reviewed a facially neutral exclusion. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 273 n.3 (1993) (explaining that *Geduldig* examined a "facially neutral benefit plan"). The health plan terms here, which expressly discriminate based both on sex and transgender status, could not be more different. *See, e.g.*, *Williams v. Kincaid*, 45 F.4th 759, 772 (4th Cir. 2022) (finding as a matter of constitutional avoidance that if a law excluded treatment for gender dysphoria from protection, the Court would have "little trouble concluding that" it "would discriminate against transgender people as a class"). Nothing about *Adams* counsels in favor of a different result.

2

Dated: January 22, 2023                           Respectfully submitted,

/s/ Amy E. Richardson                             /s/ Tara L. Borelli
Amy E. Richardson                                 Tara L. Borelli
Lauren E. Snyder                                  Carl S. Charles
HWG LLP                                           LAMBDA LEGAL DEFENSE AND
1919 M Street, NW, #6220                          EDUCATION FUND, INC.
Washington, DC 20036                              1 West Court Square, Ste. 105
(202) 730-1300                                    Decatur, GA 30030
                                                  (404) 897-1880
Dmitriy G. Tishyevich
MCDERMOTT WILL & EMERY                            Omar Gonzalez-Pagan
One Vanderbilt Avenue                             LAMBDA LEGAL DEFENSE AND
New York, NY 10017-3852                           EDUCATION FUND, INC.
(212) 547-5534                                    120 Wall Street, 19th Floor
                                                  New York, NY 10005
                                                  (212) 809-8585
David P. Brown
Ezra Cukor
TRANSGENDER LEGAL DEFENSE &
EDUCATION FUND, INC.
520 8th Avenue, Ste. 2204
New York, NY 10018
(646) 862-9396

Counsel for Plaintiffs-Appellees

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response is in compliance with Federal Rule of Appellate Procedure 28(j) because the body of this response does not exceed 350 words as indicated by Microsoft Word, the program used to prepare this document.

Dated: January 22, 2022

/s/ Tara L. Borelli
Tara L. Borelli
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
(404) 897-1880

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Dated:  January 22, 2022                    /s/ Tara L. Borelli
                                            Tara L. Borelli
                                            LAMBDA LEGAL DEFENSE AND
                                            EDUCATION FUND, INC.
                                            1 West Court Square, Ste. 105
                                            Decatur, GA 30030
                                            (404) 897-1880