**Mark A. Jones**
mjones@belldavispitt.com
T 336.714.4122
F 336.714.4101

**Bell·Davis·Pitt**
Attorneys and Counselors at Law
WINSTON-SALEM, NORTH CAROLINA
336.722.3700

MAILING ADDRESS
PO Box 21029
Winston-Salem, NC
27120-1029

September 15, 2023

**Via Electronic Case Filing in Case No. 22-1721**

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, VA 23219

> *Re:  Kadel, et al v. Folwell, et al, 22-1721*
> *Notice of Supplemental Authorities*
> *United States v. Eknes-Tucker, __ F.4d – (11th Cir. 2023)*

Dear Ms. Anowi,

Appellants submit the following additional authority pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure and Local Rule 28(e): *Eknes-Tucker, et al v. Governor of Alabama, et al.*, — F.4th —, 2023 WL 5344981 (11th Cir. 2023) (No. 22-11707), issued August 21, 2023.

*Eknes-Tucker* involved a statute prohibiting "providing puberty blockers or cross-sex hormones treatment to a minor" for gender dysphoria. *Id.* at *1. For at least three reasons, the Eleventh Circuit concluded that the statute was "best understood as a law that targets specific medical interventions for minors, not one that classifies on the basis of any suspect characteristic under the Equal Protection Clause." *Id.* at *15.

September 15, 2023
Page 2

First, "the statute [did] not establish an unequal regime for males and females." *Id.* at *16. Rather than impermissibly "distinguish[ing] between men and women[,]" the act "establishe[d] a rule that applies equally to both sexes: it restricts the prescription and administration of puberty blockers and cross-sex hormone treatment for the purpose of treating [gender dysphoria] for *all* minors." *Id.* (emphasis in original).

Second, the Eleventh Circuit rejected Plaintiffs' argument that the "sex-based terms" in the statute created a facial sex-based classification. Rather, "the statute refer[red] to sex only because the medical procedures it regulates are themselves sex-based." *Id.*; *see also id.* at *20 (Brasher, J., concurring) ("I see the word *sex* in the law. But I don't see a sex *classification*—at least, not as the idea of a sex classification appears in our equal protection caselaw.").

Third, the Eleventh Circuit emphasized *Bostock*'s "minimal relevance" because "[t] Equal Protection Clause contains none of the same text that the Court interpreted in *Bostock*" *Id.* at *16 (quoting *Students for Fair Admissions, Inc. v. President an Fellows of Harvard Coll.*, __ U.S.__, 143 S. Ct. 2141, 2220 (2023) (Gorsuch, J., concurring) ("That such differently worded provisions" in Title VII and the Equal Protection Clause "should mean the same thing is implausible on its face.").

September 15, 2023
Page 3

*Eknes-Tucker* is persuasive authority for Appellants' arguments that the district court improperly applied intermediate scrutiny to Appellees' equal protection claims. ECF No. 44 at 21–32.

Sincerely,

BELL, DAVIS & PITT, P.A.

/s/ Mark A. Jones


Enclosures

CC: All Counsel of Record, via ECF.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Mark A. Jones
Mark A. Jones