

Tara L. Borelli, Senior Counsel
Email: tborelli@lambdalegal.org

September 18, 2023

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:   *Kadel v. Folwell*, No. 22-1721
      Response to Defendants-Appellants' Notice of Supplemental Authorities
      *United States v. Eknes-Tucker*, — F.4d — (11th Cir. 2023)

Dear Clerk Anowi:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees respond to Defendants-Appellants ("Defendants") letter regarding *Eknes-Tucker v. Governor of Alabama*, No. 22-11707, 2023 WL 5344981 (11th Cir. Aug. 21, 2023). That decision has no bearing on this case.

Defendants point first to *Eknes-Tucker's* ruling that there is no sex discrimination because the statute "establishe[d] a rule that applies equally to both sexes." *Id.* at *16. But as this Court has recognized, applying a sex-based rule to both sexes does not nullify the classification. *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 124 (4th Cir. 2022); *see also J.E.B. v. Alabama ex rel. T.B.*, 511 U.S.

Page 2

127, 141 (1994). The "fact of equal application does not immunize the statute" from the "burden of justification" required by the Fourteenth Amendment. *Loving v. Virginia*, 388 U.S. 1, 9 (1967).

Second, *Eknes-Tucker* ruled that there is no classification because the sex-based terms in the statute appear "only because the medical procedures [the statute] regulates are themselves sex-based." 2023 WL 5344981 at *16. But this is a reason to apply heightened scrutiny, not to sidestep it. This simply concedes that the policy "cannot be stated without referencing sex" and, "[o]n that ground alone, heightened scrutiny should apply." *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 608 (4th Cir. 2020).

Third, *Eknes-Tucker* found *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731 (2020) to have "minimal relevance" because Title VII and the Equal Protection Clause have "differently worded provisions." 2023 WL 5344981 at *16 (quoting *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 143 S. Ct. 2141, 2220 (2023) ("*SFFA*") (Gorsuch, J., concurring)). But nothing in *Bostock* or Justice Gorsuch's concurrence in *SFFA* suggests that what constitutes a *classification* would vary between the Equal Protection Clause and Title VI or Title VII. While Plaintiffs-Appellees' Equal Protection claims do not depend on *Bostock*, it remains persuasive and relevant authority.

Best regards,

*Tara Borelli*

Tara L. Borelli
Senior Counsel

CC: All Counsel of Record, served via CM/ECF.