

**Mark A. Jones**
mjones@belldavispitt.com
T 336.714.4122
F 336.714.4101

Bell·Davis·Pitt
Attorneys and Counselors at Law
WINSTON-SALEM, NORTH CAROLINA
336.722.3700

MAILING ADDRESS
PO Box 21029
Winston-Salem, NC
27120-1029

October 2, 2023

<u>Via Electronic Case Filing in *Kadel v. Folwell*, No. 22-1721</u>

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, VA 23219

*Re:   Notice of Supplemental Authorities under Fed. R. App. P. 28(j)
       L.W. by and through Williams v. Skrmetti,
       __ F.4th __, 2023 WL 6321688 (6th Cir. Sept. 28, 2023)*

Dear Ms. Anowi,

      Appellants respectfully submit that the Sixth Circuit's recent consolidated decision in *L.W. by and through Williams v. Skrmetti* (No. 23-5600) and *Doe v. Thornbury* (No. 23-5609) presents persuasive authority in support of Appellants' arguments that the district court improperly applied intermediate scrutiny to Appellees' equal protection claims.  *See L.W. by & through Williams v. Skrmetti*, __ F.4th __, 2023 WL 6321688 (6th Cir. Sept. 28, 2023); *see also* Doc. No. 44 at 21–32; Fed. R. App. P. 28(j); 4th Cir. Local R. 28(e).

      First, the Sixth Circuit confirmed the controlling force of *Geduldig v. Aiello*, 417 U.S. 484, 496 n.20 (1974). "One year ago, and nearly fifty years ago, the Supreme Court explained that laws regulating 'medical procedure[s] that only one sex can undergo' ordinarily do not 'trigger heightened constitutional scrutiny.'"  *Skrmetti*, 2023 WL 6321688 at *14 (quoting *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2277 (2022)); *see Geduldig*, 417 U.S. at 496 n.20).  Accordingly, "[i]f a law restricting a medical procedure that applies only to women does not trigger heightened scrutiny, as in *Dobbs* and *Geduldig*, these laws, which restrict medical procedures unique to each sex, do not require such scrutiny either."  *Id.*

October 2, 2023
Page 2

Second, the Sixth Circuit concluded that "[o]ne simply cannot define, or create, a protected class solely by the nature of a denied medical benefit: in this instance childhood treatment for gender dysphoria." *Id.* at *15. The Court explained that, otherwise, "every medical condition, procedure, and drug having any relation to biological sex could not be regulated without running the gauntlet of skeptical judicial review." *Id.* The Court thus rejected the argument that heightened scrutiny should apply "just because the words sex or gender appear in the law." *Id.*

Finally, the Sixth Circuit also explained that if "the only material question in a heightened review case is whether a law contains a reference to sex or gender" then the Supreme Court "would have said so in invalidating bans on same-sex marriage in *Obergefell v. Hodges*, 576 U.S. 644 (2015). But it did not." *Id.* at *16. "The mere appearance of the words sex or gender in a law does not by itself require skeptical review under the Constitution." *Id.*

Sincerely,

*/s/ Mark A. Jones*
BELL, DAVIS & PITT, P.A.

Enclosures

CC: All Counsel of Record, via ECF.