

Tara L. Borelli, Senior Counsel
Email: tborelli@lambdalegal.org

October 12, 2023

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:   *Kadel v. Folwell*, No. 22-1721
      Response to Defendants-Appellants' Notice of Supplemental Authority
      *L.W. v. Skrmetti*, Case No. 23-5600/*Jane Doe 1 v. Thornbury*, Case No. 23-5609, 2023 WL 6321688 (6th Cir. Sept. 28, 2023)

Dear Clerk Anowi:

Plaintiffs-Appellees respectfully respond to Defendants-Appellants' ("Defendants") notice regarding *L.W. v. Skrmetti*, Case No. 23-5600/*Jane Doe 1 v. Thornbury*, Case No. 23-5609, 2023 WL 6321688 (6th Cir. Sept. 28, 2023):

1.   *Geduldig v. Aiello*, 417 U.S. 484 (1974), is inapplicable here. *Geduldig* and *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), instruct that a complete ban on a procedure does not constitute sex discrimination, even if it exclusively affects "one sex."  This case is the opposite: the relevant treatments *are* covered for cisgender people, JA3791-92, 3810-11, and are excluded only when used to affirm a sex different from the one assigned at birth. That is sex discrimination.

2. *L.W.* expresses a concern that recognizing a gender-affirming care ban as sex discrimination would mean that healthcare "having any relation to biological sex could not be regulated." 2023 WL 6321688, at *15. But health plans can draw all manner of facially neutral, evenhanded lines—they simply must satisfy heightened scrutiny when they treat the care differently because it is for a "sex change." Nor is *L.W.* correct to suggest that one can never identify a protected class by virtue of a "denied medical benefit." *Id.* at *15. As *Williams v. Kincaid* found in its constitutional avoidance analysis, if a law excluded gender dysphoria the Court would have "little trouble" concluding that discriminates "against transgender people as a class." 45 F.4th 759, 772 (4th Cir. 2022).

3. *L.W.* also reasoned that if "referenc[ing]" sex is enough for sex discrimination, the Supreme Court "would have said so" in *Obergefell v. Hodges*, 576 U.S. 644 (2015). But the exclusion does not merely reference sex, and instead uses it to draw a categorical line of exclusion. Nor did *Obergefell* reach the question of sex discrimination after resolving the case on other grounds—and it certainly did not decide that question *adversely*. When the Court actually considered the issue in the later-decided *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020), it found that both sexual orientation and transgender status classifications are "inextricably bound up with sex." *Id.* at 1742.

Best regards,

Tara L. Borelli
Senior Counsel

CC: All Counsel of Record, served via CM/ECF.