

**Mark A. Jones**
mjones@belldavispitt.com
T 336.714.4122
F 336.714.4101

**Bell·Davis·Pitt**
Attorneys and Counselors at Law
WINSTON-SALEM, NORTH CAROLINA
336.722.3700

MAILING ADDRESS
PO Box 21029
Winston-Salem, NC
27120-1029

September 11, 2025

<u>Via Electronic Case Filing in Case No. 22-1721</u>

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, VA 23219

>  Re:   22-1721;  *Kadel, at al v. Folwell, et al*
>  On remand from U.S. Supreme Court in Case No. 24-99

Dear Ms. Anowi,

   This Court should promptly vacate the district court's injunction and remand the case to the U.S District Court for the Middle District of North Carolina.  This Court should further direct the district court to deny Plaintiff's Motion for Summary Judgment, which contended that the North Carolina State Health Plan's long-standing exclusions facially discriminated in violation of the Fourteenth Amendment's Equal Protections Clause.

   Appellants perceive no daylight between the Supreme Court's reasoning in *United States* v. *Skrmetti*, 605 U. S. ___ (2025), the *Skrmetti* Court's analysis of its longstanding precedent *Geduldig v. Aiello*, 417 U.S. 484 (1974), and the arguments Appellants have made throughout the past 6 years of this litigation.

   In 2022, the district court permanently enjoined the State Health Plan through an Order that (1) prohibited the Plan from enforcing its coverage exclusions impacting the treatment of gender dysphoria and (2) requiring the Plan to provide health benefits coverage "for medically necessary services for the treatment of gender dysphoria[.]" 1:19-cv-272 (Doc. No. 261 at p. 72).

   The district court reasoned that the Plan's longstanding exclusion for "[t]reatment or studies leading to or in connection with sex changes or modifications and related care" facially discriminated on the basis of sex and transgender status because the exclusion "cannot be stated or effectuated without referencing sex." 1:19-cv-272 (Doc. No. 261 at p. 42).  The district court also believed that the applicable exclusion—limiting coverage of certain medications and surgeries when sought to alleviate the symptoms of gender dysphoria—facially discriminated against transgender plan members for "failing

September 11, 2025
Page 2

to confirm to the sex stereotype propagated by the [Plan]." 1:19-cv-272 (Doc. No. 261 at p. 43). And the district court distinguished the Supreme Court's decision in *Geduldig*, by observing that this case was not about disability coverage for pregnancy, and—in any event—"[p]regnancy can be explained without reference to sex, gender, or transgender status." 1:19-cv-272 (Doc. No. 261 at p. 47).

Defendants sought a stay from the district court, explaining that their appeal was likely to succeed because of the district court's misapplication of the Equal Protection jurisprudence and its flawed consideration of *Geduldig*. 1:19-cv-272 (Doc. Nos. 256, 257). This Motion was denied. 1:19-cv-272 (Doc. No. 268). Defendants then sought a stay from this Court, again explaining that "[t]he district court's injunction … rests on a misapplication of Supreme Court precedent." (Doc. No. 60 at p. 11-16). This Court denied the motion without explanation or analysis. (Doc. No. 80).

After initial oral arguments, this Court ordered *en banc* re-argument *in seriatim* with No. 22-1927, *Christopher Fain v. William Crouch*. (Doc. No. 91). Like the district court, this Court's *en banc* opinion held that "discriminating on the basis of diagnosis[,e.g. gender dysphoria] *is* discriminating on the basis of gender identity and sex." *Kadel v. Folwell*, 100 F.4th 122, 142 (4th Cir. 2024).

Appellants petitioned the Supreme Court for a Writ of Certiorari on July 26, 2024. The Supreme Court held the Petition for its resolution of *United States v. Skrmetti*, 605 U. S. ___, 145 S.Ct. 1816 (2025).

In *Skrmetti*, the Supreme Court held that "[t]his Court has never suggested that mere reference to sex is sufficient to trigger heightened scrutiny." "Such an approach …would be especially inappropriate in the medical context [because s]ome medical treatments and procedures are uniquely bound up in sex." 145 S.Ct. at 1829. The Supreme Court's holding is directly contrary to the opinions in this case by the district court and this Court.

The Supreme Court also held that prohibiting certain medical treatments for individuals "of one sex while allowing those same treatments for [individuals] of the opposite sex" is not sex discrimination when that distinction is tied to "the underlying medical concern the treatment is intended to address." 145 S.Ct. at 1830. Plaintiffs asserting discrimination based on sex stereotypes must first identify a classification "based on sex." *Id*. at 1832. "A law prohibiting the administration of specific drugs for particular medical uses does not [trigger heightened scrutiny]." *Id*. at 1831.

September 11, 2025
Page 3

Finally, the Supreme Court confirmed that *Geduldig* controls the constitutional analysis here. Specifically, the Supreme Court held that:

> [The law in question] does not exclude any individual from medical treatments on the basis of transgender status but rather removes one set of diagnoses—gender dysphoria, gender identity disorder, and gender incongruence—from the range of treatable conditions. SBI divides minors into two groups: those who might seek puberty blockers or hormones to treat the excluded diagnoses, and those who might seek puberty blockers or hormones to treat other conditions. Because only transgender individuals seek puberty blockers and hormones for the excluded diagnoses, the first group includes only transgender individuals; the second group, in contrast, encompasses both transgender and nontransgender individuals. Thus, although only transgender individuals seek treatment for gender dysphoria, gender identity disorder, and gender incongruence—just as only biological women can become pregnant—there is a 'lack of identity' between transgender status and the excluded medical diagnoses.

145 S.Ct. at 1833) (citation omitted).

On June 30, 2025, the Supreme Court granted Appellants' Petition, vacated this Court's *en banc* decision, and remanded the case for further consideration in light of *United States* v. *Skrmetti*, 605 U. S. ___ (2025). (Doc. 137). The Supreme Court's Judgment took effect August 1, 2025, whereupon it remanded the case to this Court and No. 22-1721 was reopened. (Doc. 139).

In light of the Supreme Court's order, this Court should promptly vacate the district court's injunction and remand with instructions to deny Plaintiff's Motion for Summary Judgment.[1] Alternatively, the Court should enter an Order vacating the district court's injunction and remanding this matter for further consideration in light of *United States* v. *Skrmetti*, 605 U. S. ___ (2025).

          Sincerely,

          BELL, DAVIS & PITT, P.A.

          /s/  Mark A. Jones

---

[1] At present, Appellants remain subject to an injunction based on legal reasoning the Supreme Court has conclusively rejected.